IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR-08-035-N-BLW |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **DECISION AND ORDER** |
| ROBERT EUGENE BREWSTER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it Defendant Brewster's ("Defendant") Motion for Discovery (Docket No. 65). Defendant requests: 1) rough notes or interviews "which are material" to the case, 2) "any information regarding promises made or agreements in exchange for testimony to any sources in regard to present past or pending criminal charges," 3) information explaining "in what capacity" the Federal Defender's Office is representing Paula Savage, 4) any information regarding past and present complaints against various officers, 5) any information regarding fingerprints, and 6) "all radio transmissions and 'all' related calls" on August 17, 2006. Defendant lists "Rule 16-26.2 Fed Crim P. 'Brady', 'Giglio', 'Jenks' and their progeny" as grounds for granting his motion.

**Memorandum Decision and Order – 1**

As explained more fully below, the Court denies Defendant's Motion for Discovery because he has failed to make the requisite showing required under any cited authority and/or because the Government has or will comply with Defendant's requests.

## ANALYSIS

### I.   Freedom of Information Act

Defendant states that he is requesting information under the Freedom of Information Act.  However, other than what appears to be the title of his motion, he does not mention the Freedom of Information Act in connection with any of his requests.  As the Court cannot see how the Freedom of Information Act is applicable to Defendant's request, the Court will not address the Freedom of Information Act as grounds for these requests.

### II.   Brady

*Brady* prohibits 1) the suppression, 2) by the prosecution, 3) of evidence favorable to an accused upon request, 4) where the evidence is material to guilt or punishment.  *U.S. v. Sua*, 307 F.3d 1150, 1153 (9th Cir. 2002).

Defendant has made conclusory statements that the information requested is material and will have a "definitive affect as to the outcome of this trial." However, Defendant does not indicate how such information is material or why it

**Memorandum Decision and Order – 2**

will have a definitive effect. It is difficult for the Court to understand how some of the information, such as information informing the defendant in what capacity the Federal Defender's Office is representing someone else, could be material to the defendant's case. It also does not appear that the Government has suppressed any evidence from Defendant and the Government has indicated that it has and will continue to comply with its obligations under *Brady*.

### III.  Jencks

A criminal defendant must be given a fair opportunity to impeach government witnesses. Pursuant to the Jencks Act, "[a]fter a government witness has testified at trial, the Act requires the government to produce, upon demand, any statement made by the witness in its possession that relates to the subject matter of his testimony." *U.S. v. Pisello*, 877 F.2d 762, 768 (9th Cir. 1989). The Jencks Act specifically states that no statement or report, of a Government witness or prospective witness, in the possession of the United States shall be subject to discovery until such witness has "testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). A statement includes a written witness statement, a recorded or transcribed rendition of an oral statement, or a statement made to a grand jury. 18 U.S.C. § 3500(e)(1)-(3).

As this matter has yet to go to trial, no witness has testified on direct

**Memorandum Decision and Order – 3**

examination at the trial. Moreover, the Government has specifically indicated that it will comply with the Jencks Act with respect to witnesses who will be called during trial. Therefore, Defendant can find no relief under the Jencks Act at this point. The Court will take up the issue during trial if necessary.

### IV. Giglio

In the context of discovery, *Giglio* sets a materiality standard for credibility evidence of a witness. U.S. v. Miller, 529 F.2d 1125, 1129-1130 (9th Cir. 1976). That standard is "suppression of evidence that goes only to the credibility of a witness is material within the meaning of *Brady* when the credibility of a witness might affect the outcome of a case. *Id.*

Although unclear, it appears that Defendant is using the *Giglio* standard for his request for information regarding past and present complaints against various officers. However, Defendant has not made a showing that the credibility of these officers will affect the outcome of a case in any manner. Indeed, Defendant is not even sure which of the officers will be called. Further, Defendant has not indicated how this information goes to the credibility of these witnesses. Therefore, Defendant can find no relief under *Giglio* at this point.

### V. Federal Rules of Criminal Procedure 16-26.2

It is unclear in what manner Defendant is invoking these rules. However, if

**Memorandum Decision and Order – 4**

Defendant is trying to use these rules as a standard by which his motion should be granted, the only rules applicable would be 16 and 26.2. Of these two rules, only 16(a)(1)(E) and 26.2(a) appear to apply.

Rule 16(a)(1)(E) states that:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings, or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (I) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

The government has not indicated its intent to use the information requested in its case-in-chief at trial and it does not appear that any of the items were obtained from or belong to the defendant. Therefore, Defendant must show that the information he is requesting is material to preparing his defense. Defendant makes conclusory statements that the information he requested will have a "definitive affect as to the outcome of this trial." However, other than indicating that some of the information will be used for impeachment, Defendant gives this Court no indication or explanation on how the information requested will have a

**Memorandum Decision and Order – 5**

definitive affect or be material to preparing his defense.  As Defendant has not indicated how the information will be material to his defense, he can find no relief under this rule.

Rule 26.2(a) states that "after a witness has testified on direct examination" the Court will order that witnesses' statement produced to the moving party who did not call the witness.  As trial has not commenced, no witness has testified on direct examination and, therefore, Defendant can find no relief under this rule.  Moreover, the Government has once again indicated its intention to comply with the rule at trial.  Accordingly, Defendant is not entitled to further discovery or relief at this point.

### VI.   GRAND JURY TESTIMONY

There is a "long-established policy that maintains the secrecy of the grand jury proceedings in federal courts." *Dennis v. U.S.*, 384 U.S. 855, 869 (1966). Thus, when disclosure is allowed, "it is to be done 'discretely and limitedly.'" *Id.* (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958)).  Even so, the trial court, under Federal Rule of Criminal Procedure 6(e), can direct disclosure of grand jury testimony in cases of particularized need.  *Id.* at 870.

In this case, a procedural order was issued that authorized the United States to disclose grand jury materials to certain individuals including Defendant.

**Memorandum Decision and Order – 6**

(Procedural Order pg. 7).  The procedural order went on to state that defense attorneys, as officers of the court, would have the duty of acting as custodians of any grand jury information disclosed.  Id.  In the event a defense attorney did not want to be the custodian of the information, it was to be returned to the government following conclusion of the case.  Id.

    Defendant orally requested access to grand jury testimony at the status conference held on February 23, 2009.  The Government indicated its intent to allow Defendant to examine the grand jury testimony at that time in his holding cell.  The Court assumes the Government produced the testimony for Defendant's examination as they indicated at the status conference.  Therefore, the Court will not examine this issue further at this time.  The Court will follow up with Defendant on the issue at the next status conference.

## ORDER

    NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Discovery (Docket No. 65) shall be, and the same is hereby, DENIED.

    IT IS FURTHER ORDERED that Defendant's standby counsel provide Defendant with a copy of this Order, and all future orders of the Court in this

matter, in a timely fashion.



DATED: **February 26, 2009**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – 8**