IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Case No. CR-08-035-S-BLW |
| Plaintiff, | ) ) |  |
| v. | ) ) | **MEMORANDUM DECISION** |
| ROBERT EUGENE BREWSTER, | ) ) | **AND ORDER** |
| Defendant. | ) ) ) |  |

**INTRODUCTION**

The Court has before it Defendant's Motion to Sever (Docket No. 81).  The Government filed its response to the motion on March 13, 2009, and the Court heard oral argument on the motion on March 17, 2009.

**ANALYSIS**

Defendant is charged in the Indictment with three crimes: (1) Felon in possession of a firearm; (2) Possession of an unregistered firearm; and (3) Fugitive in possession of a firearm.  Defendant essentially contends that in order for the Government to prove its case with respect to Counts I and III, the Government must offer evidence of Defendant's felony and fugitive status.  Defendant argues

**Memorandum Decision and Order -- page 1**

that such evidence is not necessary and therefore not relevant to Count II.

Defendant contends that Count II should therefore be severed from Counts I and III

so that the evidence of his felony and fugitive status does not prejudice him on

Count II.

Federal Rule of Criminal Procedure 8(a) "permits an indictment to charge

multiple offenses as long as the offenses are of the same or similar character or are

based on the same act or transaction or on two or more acts or transactions

connected together or constituting parts of a common scheme or plan." *U.S. v.*

*VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995). That is the case here.

However, Federal Rule of Criminal Procedure 14(a) states that the Court

may order separate trials of counts "[i]f the joinder of offenses . . . in an indictment

. . . or a consolidation for trial appears to prejudice a defendant. . . ." A party

seeking severance must show that joinder was "so manifestly prejudicial that it

outweigh[ed] the dominant concern with judicial economy and compel[led] the

exercise of the court's discretion to sever." *U.S. v. Lopez*, 477 F.3d 1110, 1116 (9th

Cir. 2007); (citing *U.S. v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986)). Manifestly

prejudicial means "of such magnitude that the defendant's right to a fair trial was

abridged." *Id.* (citing *Lewis*, 787 F.2d at 1321.) Moreover, "[t]he danger that a

jury will infer present guilt from prior convictions cannot be ignored by the court

**Memorandum Decision and Order -- page 2**

in deciding whether to sever a charge that necessitates the introduction of other crimes evidence." *U.S. v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986) (Internal citations omitted).

Some circuits have suggested that in ruling on a pre-trial motion to sever, the district court must determine whether evidence of a prior conviction would be independently admissible on the other counts, and if it is determined that the conviction would not be admissible on the other count, then severance should be granted. *Id*. at 1322 (citing *U.S. v. Busic*, 587 F.2d 577, 585 (3rd Cir. 1978). Other circuits have not adopted this per se rule. Instead, they require that the district court "examine the record for undue prejudice on a case-by-case basis." *Id*. (citing *U.S. v. Daniels*, 770 F.2d 1111, 1118 (D.C. Cir. 1985); *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir.1983); *Panzavecchia v. Wainwright*, 658 F.2d 337, 341-42 (5th Cir.1981). The Ninth Circuit has "agree[d] that a per se rule is inappropriate but recognize[d] that there is a high risk of undue prejudice whenever . . . joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." *Id*. (Internal citation and quotation omitted). The Ninth Circuit suggested that "[i]t is much more difficult for jurors to compartmentalize damaging information about one defendant derived from joined counts than it is to

**Memorandum Decision and Order -- page 3**

compartmentalize evidence against separate defendants joined for trial." *Id.*
(Internal citation omitted).

Nevertheless, under circumstances similar to this case, the Ninth Circuit has
determined that severance is not always necessary.  In *VonWillie*, the defendant
was charged with being a felon in possession of a firearm and with use of a firearm
in relation to a drug trafficking offense.  *VonWillie*, 59 F.3d at 930.  The Ninth
Circuit determined that the district court's denial of a motion to sever was proper
because the evidence at trial was strong as to both counts, the government
stipulated to the defendant's prior felony conviction and promised not to focus on
it unless the defendant raised the issue, the district court limited the government's
presentation of the evidence, and the district court gave limiting instructions
regarding the jury's use of the evidence both when the evidence was admitted and
when charging the jury.  *Id.*

Similarly, in *Lopez*, the Ninth Circuit determined that the district court did
not abuse its discretion when it denied Lopez's motion to sever his felon in
possession of a firearm count from the other counts.  *Lopez*, 477 F.3d at 1116.  The
Ninth Circuit reasoned that the jury's knowledge of Lopez's status as a felon was
not manifestly prejudicial.  *Id.*  Furthermore, the Ninth Circuit found that the
evidence regarding each of the charges against Lopez was extensively interrelated,

**Memorandum Decision and Order -- page 4**

and thus reasonably consolidated into one trial. *Id.*  Like *VonWillie*, Lopez

admitted that there was no testimony on the issue of his status as a felon because he

had stipulated to that fact.  Finally, the Ninth Circuit explained that "concerns of

judicial economy strongly supported the denial of the motion to sever" because

"[e]ach of the alleged offenses arose from the same act or transaction, and there

was significant overlap in the evidence for all charges."  *Id.* at 1117.

        In this case, the Government indicated its willingness to enter into a

stipulation like the ones entered into by the parties in *VonWillie* and *Lopez*.

Defendant, however, indicated the he is not interested in stipulations.  Still, under

the circumstances of this case, the Court finds that it can nevertheless limit the

evidence regarding the prior felony and fugitive status allegations to only that

evidence necessary to show that Defendant has a prior felony and was a fugitive at

the time of his alleged possession of the firearm.  This will essentially equate this

case with *VonWillie* and *Lopez*.  Moreover, the Court notes that Defendant's prior

conviction is for petit theft.  Thus, even if evidence of Defendant's prior conviction

is introduced at trial, the potential prejudicial effect on Defendant is minimal given

the minor nature of the conviction.[1]

---

[1] The Court will only admit evidence beyond what is necessary to prove that Defendant has a prior felony and that he was a fugitive at the time of his alleged possession of the firearm if Defendant opens the door to such evidence.  Thus, Defendant is cautioned not to open the door if he does not want additional evidence on these issues presented to the jury.

**Memorandum Decision and Order -- page 5**

Accordingly, the Court finds that Defendant will not be manifestly prejudiced by trying the Counts together because the Court will limit the government's presentation of evidence to that necessary to show that Defendant had a prior conviction and was a fugitive at the time of the alleged possession of the firearm.  The Court will also give limiting instructions regarding the jury's use of the evidence.  Moreover, the Court finds that concerns of judicial economy strongly support denial of the motion to sever because each of the alleged offenses arose from the same act or transaction and there will be significant overlap in the evidence for all charges.  Thus, as was the case in *Lopez*, "separating any charge from the others would . . .  necessarily result[] in a duplicative presentation of evidence . . . [and] [t]he burden on judicial resources that would . . . result[] from hearing the charges and evidence against [Defendant] in multiple trials outweighs any limited prejudice that [Defendant] may . . .  experience[]." *Lopez*, 477 F.3d at 1117.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Sever (Docket No. 81) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall fax a copy of this Order to the Defendant at the Bonner County Jail at (208) 255-1975.

**Memorandum Decision and Order -- page 6**



DATED: **March 19, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order -- page 7**