IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) | Case No. CR-08-035-S-BLW |
| v. | ) ) | **ORDER** |
| ROBERT EUGENE BREWSTER, | ) ) ) | |
| Defendant. | ) ) | |

The Court has before it several motions filed by Defendant, and one motion filed by the Government. The Court will address each below.

## 1. Motion to Redact or Exclude Taped Interview of Paula Savage (Docket No. 110)

Defendant asks the Court to redact portions of a recorded interview of Paula Savage or exclude the recording from trial all together. Defendant suggests that certain portions of the interview are irrelevant, yet he gives no specific examples. At this point, the Court does not have enough information to either admit or exclude the interview. The Court will make that determination at trial in this matter based on the Federal Rules of Evidence. Accordingly, the motion will be denied at this point, subject to renewal at trial.

**Order -- page 1**

**2.	Motion to Reconsider Speedy Trial Act Violation (Docket No. 111)**

Defendant asks the Court to reconsider its earlier denial of Defendant's motion to dismiss this case based on a Speedy Trial Act violation. "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt, 2007 WL 915226 (E.D.Cal. March 26, 2007)*. Here, Defendant simply makes the same argument he made in his earlier motion. Accordingly, the Court will deny the motion.

**3.	Motion to Exclude Evidence Discovery (Docket No. 112)**

Defendant asks the Court "for exclusion of page 113 from evidence." (Docket No. 112). Defendant appears to be referring to a photograph and suggests that the evidence relates to other crimes. Defendant states that the photograph is irrelevant to the charges contained in the Indictment.

At this point, the Court has not seen the photograph and has no background information related to the photograph. Nor has the Government sought to introduce that page into evidence. Accordingly, it is premature for the Court to either admit or exclude it. The Court will address the issue at trial and will admit

or exclude the photograph based on the Federal Rules of Evidence if and when the photograph is offered by the Government. Accordingly, the motion will be denied, subject to renewal at trial.

**4.     Motion to Have CD-R Transcribed Discovery (Docket No. 113)**

Defendant asks the Court to require the U.S. Attorney to transcribe information on a CD-R sent to Defendant as part of discovery. Defendant indicates that the CD-R does not work on the CD player provided to him at the jail. The Court encourages Defendant's investigator and/or standby counsel to work with the U.S. Attorney on this matter in an attempt to determine what is necessary to listen to the CD-R. Moreover, Defendant may ask his investigator or standby counsel to work with the jail in providing him with a device which will play the CD-R, or he may ask his investigator or standby counsel to try to have the CD-R transcribed, but the Court will not require the U.S. Attorney to create a transcription. Accordingly, the motion will be denied.

**5.     Motion to Compel Discovery (Docket No. 114)**

Defendant asks the Court to compel the Government to produce records for Paula Savage, including arrest records, probation and parole status reports, and "every criminal activity in Idaho, Oregon or anywhere else." (Docket No. 114). As addressed several times in hearings and status conferences in this case, the

**Order -- page 3**

Government has indicated that it has complied, and will continue to comply, with its requirements under Rule 16 and the Procedural Order in this case. Accordingly, the motion is without merit and will be denied.

**6.     Motion for Change of Venue (Docket No. 115)**

Defendant asks the Court for a change of venue, suggesting that the Court is bias toward Defendant based on his pro se status and because the Government used false and misleading information to secure an Indictment.  Federal Rule of Criminal Procedure 21(a) provides that a district court shall transfer a pending criminal case to another jurisdiction if the court "is satisfied that there exists in the district where the prosecution is pending so great a prejudice against the defendant that the defendant cannot obtain a fair and impartial trial" in that district.  Fed. R. Crim P. 21(a).  However, that Rule is intended to address the circumstance where the jury venire from a particular district is so prejudiced that it is impossible to obtain a fair and impartial jury.   However, even if it is considered as an alternative grounds for seeking recusal of a judge because of bias, as explained in an earlier order, this Court holds no bias against Defendant for representing himself, and the Court intends to follow the law, which states that when a defendant proceeds pro se, the Court's role is not altered – no obligations are removed from the Court and no new obligations are placed on the Court. *U.S. v. Merrill*, 746 F.2d 458 (9th Cir.

**Order -- page 4**

1984). Moreover, Defendant has failed to explain how the Government used false and/or misleading evidence to procure an Indictment against Defendant. Accordingly, the Court will deny the motion.

**7.     Motion to Receive Writ of Mandate or Interlocutory Appeal on Non-Recusal of Judge (Docket No. 120)**

Defendant requests an interlocutory appeal of my refusal to recuse myself from this case. As the Court noted in its earlier order, pursuant to 28 U.S.C. § 1291, "the federal court of appeals has jurisdiction over final decisions of the district courts of the United States." *U.S. v. Pace*, 201 F.3d 1116, 1118 (9th Cir. 2000) (Internal citation omitted). "A district court's decision is appealable under § 1291 only when the decision ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* (Internal citation and quotation omitted). A criminal case is not subject to appellate review until conviction and imposition of sentence because that is when litigation ends. *Id.* Thus, on its face, section 1291 does not give appellate courts jurisdiction over an issue until the defendant has been tried and convicted. *Id.*

Pursuant to 28 U.S.C. § 1292(b), a district court may certify a question for appellate review, but such certification is limited only to civil actions. *Id.* Moreover, the only recognized exceptions to the general denial of interlocutory appeals in criminal cases are those "circumstances where the right sought to be

**Order -- page 5**

vindicated would be totally lost if appeal occurred only after final judgment," such as "orders denying dismissal of charges for an alleged violation of the Double Jeopardy Clause, the Speech or Debate Clause, and orders denying bail." *U.S. v. Levy*, 947 F.2d 1032, 1034 (2nd Cir. 1991) (Internal citations omitted). Accordingly, Defendant's request for an interlocutory appeal of this Court's denial of my decision not to recuse myself does not fall within one of these exceptions. The Defendant has not pointed the Court to any other statute or rule which would permit the Court to certify an issue for interlocutory appeal. And, the Court is unaware of any such statute or rule. Accordingly, the motion will be denied.

8.  **Resubmitted Interlocutory Appeal (Docket No. 124)**

Defendant re-asserts his motion for a interlocutory appeal of this Court's refusal to continue the trial date for a fourth time.  For the same reasons just explained above, and as explained in the Court's earlier denial of a similar motion, the Court will deny the motion.

9.  **Motions Filed After the Deadline for Filing Pre-Trial Motions (Docket Nos. 127, 128, 129, 130 and 131)**

Defendant filed several motions after the deadline for filing pretrial motions. Defendant failed to give a good reason why the Court should extend that deadline. Moreover, Defendant has been prolific in filing motions, having filed in the neighborhood of 50-60 motions in the two months since being allowed to represent

**Order -- page 6**

himself in this matter.  Thus, judicial economy and resources do not warrant an extension of the deadline.  Moreover, the late-filed motions are meritless, dealing mostly with issues which have already been raised and ruled upon by this Court. Accordingly, the Court will summarily deny the motions.

**10.    Government's Request for the Court to Enforce Its Previously Set Deadline for Pretrial Motions (Docket No. 133)**

The Government asks the Court to enforce its deadline for filing pretrial motions.  As indicated above, the Court intends to do so.  Accordingly, the motion will be granted.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's motions, (Docket Nos. 110-115, 120, 124, and 127-131), shall be, and the same are hereby, DENIED.

IT IS FURTHER ORDERED that the Government's Request that the Court Enforce its Deadline for Filing Pretrial Motions (Docket No. 133) shall be, and the same is hereby, GRANTED.

DATED:  **March 20, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order -- page 7**