IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Case No. CR-08-035-S-BLW |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| ROBERT EUGENE BREWSTER, | ) ) | |
| Defendant. | ) ) | |

The Court has before it several motions filed by Defendant. The Court will address each below.

**1.     Motion to Dismiss (Docket No. 85)**

Defendant asks the Court to dismiss the Indictment against him based on outrageous Government conduct. "Outrageous government conduct is not a defense, but rather a claim that government conduct in securing an indictment was so shocking to due process values that the indictment must be dismissed." *U.S. v. Holler,* 411 F.3d 1061, 1065 (9th Cir. 2005) (Internal citation omitted). The standard for dismissing an indictment based on outrageous government conduct is a high one. *Id.* at 1066. "[T]he governmental conduct must be so grossly shocking and so outrageous as to violate the universal sense of justice." *Id.* (Internal citation

**Order -- page 1**

and quotation omitted).

Here, Defendant makes several accusations about how he was violently arrested and essentially framed by the Government. However, Defendant has provided the Court with no evidence other than his own testimony (no testimony of other witnesses or additional substantiating evidence) supporting his claim. Thus, we essentially have a "he said/they said" scenario. Under these circumstances, Defendant has not met his high burden of showing outrageous government conduct. The issue will be better addressed through cross-examination during the trial in this matter.

Defendant also lists other reasons why the indictment should be dismissed, related mostly to how the Government obtained information and evidence from Paula Savage. Defendant also takes issue with the out of state arrest warrant. To the extent Defendant contends that the Government used Paula Savage to frame him, Defendant again lacks sufficient testimony and evidence to meet his high burden of showing outrageous government conduct. However, the Court will note that Defendant also raises these same concerns in his motion to suppress, which seems to be a more appropriate motion for addressing them. Accordingly, the Court will address the issues related to Paula Savage and the arrest warrant in its analysis of Defendant's motion to suppress below. However, Defendant's motion

**Order -- page 2**

to dismiss will be denied.

**2.      Motion to Suppress (Docket No. 116)**

Defendant seeks suppression of the firearm, photographs, and "any statements involved in this case." (Defendant's Motion, p. 1). In a somewhat convoluted manner, Defendant's motion seems to rest on two assertions: (1) the search warrant was invalid in Idaho; and (2) the officers violated Defendant's Fourth Amendment rights when they coerced Paula Savage to retrieve the weapon from the apartment. The Court will address each argument below.

Defendant contends that Idaho officers improperly relied on a California warrant as probable cause for his arrest in Idaho. The Idaho Supreme Court has concluded that "it is a well-established principle of law that a warrant from one state has no force or validity outside the boundaries of that state. *State v. Bradley, 679 P.2d 635, 637 (Idaho 1983)*.

However, Idaho Code § 19-4514 states that "[t]he arrest of a person may be lawfully made by any peace officer or a private person, without a warrant upon reasonable information that the accused stands charged in the courts of *a state* with a crime punishable by death or imprisonment for a term exceeding one (1) year." I.C. § 19-4514 (Italicized emphasis added). A review of Idaho case law reveals that the Idaho Supreme Court has addressed this statute only as it applies to a

**Order -- page 3**

warrantless search of a private residence.  In that circumstance, the Idaho Supreme Court determined that I.C. § 19-4514 will not support a warrantless entry into a defendant's private residence in order to make an arrest.  However, the Court suggested that "it might support a warrantless arrest in a public place."  *Bradley,* 679 P.2d at 63.

In a similar case where a suspect was arrested in Washington pursuant to a felony arrest warrant from Oregon, the Ninth Circuit addressed a Washington statute containing identical language as I.C. § 19-4514.  Citing the identical Washington statute, found at RCW § 10.88.330, the Ninth Circuit determined that "when the officer has reasonable information that the accused has been charged with a felony – in that case, the officer may arrest the individual without a Washington arrest warrant." *Case v. Kitsap County Sheriff's Dept.,* 249 F.3d 921, 927 (9th Cir. 2001).  The Ninth Circuit went on to state that "it [does not] make common sense that the officers needed to obtain a duplicate Washington warrant. The Oregon warrant already served as a reasonable basis for probable cause to believe that a person has committed . . . a felony." *Id.* (Internal citation and quotation omitted).  Other circuits, such as the neighboring Tenth Circuit agree, stating that "where state officers are arresting a person within their state, neither precedent nor logic requires a second arrest warrant to be obtained when a valid

**Order -- page 4**

warrant has been issued in another state." Id. (Citing U.S. v. Smith, 131 F.3d 1392, 1397-98 (10th Cir.1997).

Here, there is no dispute that the officers had reasonable information that the California warrant for Defendant was for a felony. Thus, the officers could lawfully arrest Defendant without an Idaho warrant. The arresting officers had reasonable information that Defendant stood charged in the courts of California with a crime punishable by imprisonment for a term exceeding one year. I.C. § 19-4514.

Defendant next argues that officers violated his Fourth Amendment rights when they "coerced" Paula Savage to retrieve the weapon from the apartment. Defendant's argument is not altogether clear to the Court. It is the Court's understanding that Defendant is arguing in this case that he did not possess the weapon he is accused of possessing because he did not reside with Paula Savage at the time the weapon was seized. However, Defendant now seems to suggest that officers violated his Fourth Amendment right to unreasonable search and seizure of his residence when they "coerced" Paula Savage to obtain the weapon from the apartment. For Defendant to have a Fourth Amendment right to unreasonable search and seizure of the apartment, he must have some connection to the apartment. Therefore, the argument seems inconsistent.

However, assuming that the Defendant can put forward inconsistent positions – i.e., contending that he was not a resident of the apartment to avoid liability for possessing the firearm found there, while simultaneously arguing that he was a resident of the apartment and therefore had a privacy interest therein – the Defendant's argument still fails.  There is no dispute that Paula Savage was a resident in the apartment.  In such cases, both the United States Supreme Court and the Ninth Circuit have clearly explained that "[t]he Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant who later objects to the use of evidence so obtained." *Georgia v. Randolph*, 547 U.S. 103, 106 (2006); *see also U.S. v. Childs*, 944 F.2d 491, 494 (9th Cir. 1991).  Although Defendant seems to suggest that Ms. Savage was coerced into giving officers access to the apartment, his blanket assertions are insufficient – particularly in the absence of any such claims from Ms. Savage – to support a finding of a Fourth Amendment violation.  Defendant may cross-examine Ms. Savage on this issue at trial, but it is insufficient grounds for suppressing the evidence in this case.  For these reasons, the Court will deny Defendant's Motion to Suppress.

**3.      Objections and Motion to Reconsider (Docket Nos. 141, 143, 147-152, 155, 159 & 160)**

During the Court's latest ex parte status conference with Defendant, the Court granted Defendant the right to file a motion to reconsider certain decisions. The Court has addressed those issues in an ex parte order. The Court did not, however, authorize Defendant to file motions to reconsider all of his earlier motions. Nevertheless, Defendant has now filed several objections, motions to reconsider, and "resubmitted" motions, notwithstanding the deadline for filing pretrial motions has long passed. Moreover, most of these motions address issues which the Court has already addressed – several times in some cases. Accordingly, the Court will summarily deny docket nos. 141, 143, 147-152, 155, 159 and 160.

**4.     Motion – Request for Summary of Testimony (Docket Nos. 144)**

In Docket No. 144, Defendant requests a written summary of testimony the Government "intends to use at trial on all witnesses, including Jo Ward BCI fingerprint technician mentioned on page 5 of the trial memorandum." (Defendant's Motion). Defendant cites Federal Rules of Criminal Procedure 702-705. Rule of Criminal Procedure 16(a)(1)(G) states that "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G).

**Order -- page 7**

Although Defendant's motion is tardy, it seems that Defendant's request would be more appropriately directed at the Government and not as a motion to the Court.  Thus, the Court will ask the Government to treat the motion as a request to the Government that it produce any expert witness summaries to Defendant pursuant to Rule 16.  Thus, although unnecessary because the Government must comply with the request regardless, the Court will grant the motion with respect to expert summaries.  With respect to summaries of "all witnesses," Defendant has cited to no authority requiring such disclosure.  Accordingly, the motion will be denied with respect to all other requests..

**5.     Motion to Include Evidence of Prior Bad Acts (Docket No. 145)**

Defendant seeks admission of "[a]ll information pertains to Paula Savage and her ability to by untruthful in regards to this case." (Defendant's Motion).  It is unclear when Defendant received the information to which he refers in his motion.  Therefore, although the motion was filed after the deadline for filing pretrial motions, the Court will address it.

The Court will not simply issue an order admitting such a broad category of information.  Defendant will have the right to cross-examine Ms. Savage at trial, and the Court will admit or exclude evidence at that point based on the Federal Rules of Evidence.  Accordingly, the motion will be denied, subject to renewal

**Order -- page 8**

during trial.

**6.    Motion in Objection to Denial of Compulsory Process (Docket No. 153)**

It is not altogether clear what type of redress Defendant seeks in this motion. Defendant suggests that the Court denied many of his subpoenas. The Court addressed this issue with Defendant in its ex parte conference with Defendant and the Court's ex parte orders. Accordingly, this motion will be denied.

**7.    Motion for Chain of Custody Document (Docket No. 154)**

Defendant seeks an order "for a chain of custody record for the weapon in this case." (Defendant's Motion). The Court is not aware of the existence of such records. It is this Court's experience that when chain of custody is at issue, witnesses simply testify to the issue during trial or at a hearing. In that case, Defendant will have the right to cross-examine such witnesses. Moreover, as explained in earlier orders, the Government has explained that it has and will continue to abide by its duties under Rule 16. Thus, any relevant records to chain of custody would have been provided to Defendant. Accordingly, the motion will be denied.

**8.    Motion to Enter as Evidence Police Reports (Docket No. 158)**

Defendant seeks admission of certain pages of police reports as well as redaction of irrelevant incriminating information. It is unclear when Defendant

**Order -- page 9**

received the information to which he refers in his motion.  Therefore, although the motion was filed after the deadline for filing pretrial motions, the Court will address it.

The Court has not seen the pages referenced by Defendant.  Therefore, the Court cannot issue a ruling at this point.  Defendant may address the issue during trial, and the Court will admit or exclude evidence at that point based on the Federal Rules of Evidence.  Accordingly, the motion will be denied, subject to renewal during trial.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's motions (Docket Nos. 85, 116, 141, 143, 145, and 147-155, 158-160) shall be, and the same are hereby, DENIED.

NOW THEREFORE IT IS FURTHER ORDERED that Defendant's motion (Docket No. 144) shall be, and the same is hereby, GRANTED in part and DENIED in part as explained above.

DATED:  **March 27, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge